MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2018 ME 138
Docket:        Kno-18-87
Submitted
  On Briefs:   September 26, 2018
Decided:       October 4, 2018

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

IN RE CHILD OF T'MARA C.


PER CURIAM

[¶1]  T'Mara C. appeals from a judgment of the District Court (Rockland, *Sparaco, J.*) terminating her parental rights to her child.[1]  She argues that the record cannot support the finding of parental unfitness to the standard of clear and convincing evidence.  We affirm the judgment.

[¶2]  The Department filed a child protection petition in December 2015, when the child was two months old.  *See* 22 M.R.S. § 4032 (2017).  The petition alleged that the mother was unable to meet the basic needs of the child due to homelessness and mental health issues.  The Department was granted custody of the child through a preliminary protection order entered by the court (*E. Walker, J.*) and the child was placed in foster care.  *See* 22 M.R.S. § 4034(2) (2017).  In April 2016, the court (*Sparaco, J.*) entered a jeopardy order with the

---

[1]  The child's father does not appeal from the termination of his parental rights, and we focus on the procedural history and findings regarding the mother.

mother's agreement; custody remained with the Department. *See* 22 M.R.S. § 4035 (2017). The Department thereafter provided, and the mother participated in, multiple services as required by the jeopardy order and reunification plan.

[¶3] In March 2017, the Department petitioned for termination of the mother's parental rights, alleging that she abused alcohol and had not shown the ability to parent the child outside a structured setting. After a two-day trial, the court denied the petition, citing many positive changes the mother had made in her efforts toward reunification and not finding sufficient credible evidence that she had a substance abuse disorder that would prevent her from safely parenting the child. The child remained in the Department's custody and in foster care after the denial of the Department's petition.

[¶4] The Department petitioned for the termination of the mother's parental rights again in October 2017, reiterating its allegations from the first petition and further alleging that, after the denial of the first petition, the mother had declined an overnight visit with the child, missed meetings with her service providers, and appeared intoxicated during three encounters with police. The Department asserted in its petition that the mother was unable to

protect the child from jeopardy or take responsibility for him in a time reasonably calculated to meet his needs.

[¶5]  The court held a two-day trial on the second petition on January 29, 2018, and February 5, 2018.  It then entered a judgment granting the petition to terminate the mother's parental rights after making findings of fact by clear and convincing evidence.  22 M.R.S. § 4055(1)(B)(2) (2017); *In re A.M.*, 2012 ME 118, ¶ 29, 55 A.3d 463.

[¶6]  In its judgment, the court made the following ultimate findings, all of which are supported by competent evidence in the record.

> In this case, the court finds clear and convincing evidence of parental unfitness on the two grounds alleged.  There is no doubting [the mother]'s love and affection of this child and the positive changes in her life that she made in her efforts toward reunification.  Nevertheless, that forward progress has essentially stopped and has, in some respects, regressed.  After more than two years, [the mother]'s visits remain supervised, with most, if not all, of her providers still express[ing] concerns about [the mother]'s ability to safely parent [the child] in an unstructured setting.  Furthermore, it is very clear that [the mother] has a serious alcohol problem that has led to aggressive and threatening behaviors towards others.  Her treatment for this issue is in the early stages, and it is far from clear whether she will be able to successfully maintain her sobriety for any length of time.  Unfortunately, as was clear from her testimony at trial, [the mother] continues to minimize or deny her alcohol abuse.  In fact, had she not been arrested, it seems likely that she would have continued to deny having any problem at all.

> It is also clear that, notwithstanding having been provided numerous services to assist her in basic child care skills, [the mother] continues to struggle in anticipating and responding to [the child]'s basic needs. It does not appear to be from lack of effort, raising the question of when, if ever, [the mother] would be able to alleviate jeopardy. Given [the mother]'s many challenges, and her lack of progress to date, the court must agree with the position of the Guardian ad litem and the Department that [the mother] is unable to protect [the child] from jeopardy and that these circumstances are unlikely to change within a time which is reasonably calculated to meet the needs of the child; 22 M.R.S. § 4055(1)(B)(2)(b)(i), and that [the mother] has been unable to take responsibility for [the child] within a time which is reasonably calculated to meet the needs of the child, 22 M.R.S. § 4055(1)(B)(2)(b)(ii).
>
> . . . .
>
> The court further finds, by clear and convincing evidence, that termination is in [the child]'s best interest. [The child] has been [in foster care] for over two years and needs permanency. [The child] has bonded with his foster family who has taken good care of him and would like to adopt him.

[¶7]  Based on these factual findings, which are fully supported by the record, the court did not err in its ultimate finding that, despite the mother's efforts to improve her circumstances, she remains unable to protect the child from jeopardy or take responsibility for him within a time that is reasonably calculated to meet his needs.  *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i), (ii) (2017); *In re Thomas D.*, 2004 ME 104, ¶ 21, 854 A.2d 195.  Nor did the court err or abuse its discretion in determining that the termination of the mother's

parental rights was in the child's best interest.  *See* 22 M.R.S. § 4055(1)(B)(2)(a) (2017); *In re Thomas H.*, 2005 ME 123, ¶¶ 16-17, 889 A.2d 297.

The entry is:

Judgment affirmed.

---

Pamela S. Holmes, Esq., Holmes Legal Group, LLC, Wells, for appellant Mother

Janet T. Mills, Attorney General, and Hunter C. Umphrey, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Rockland District Court docket number PC-2015-10
For Clerk Reference Only